# IN THE UNITED STATES DISTRCIT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 22-cr-163-(SVN) |
| ) | |
| LYELL CHAMPAGNE, JR., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO REVOCATION OF BOND

COMES NOW Defendant, by and through his undersigned counsel, and in advance of the bond review hearing set for October 19, 2022, before Magistrate Judge Maria E. Garcia, respectfully states as follows:

### Procedural History

1. On August 4, 2022, the defendant was charged by indictment with allegedly violating three sections of the United States Code, involving conspiracy to commit bank fraud, conspiracy and aggravated identity theft. (R. Doc. 1).

2. On August 22, 2022, the Court entered an Order Setting Conditions for Release of defendant. (R. Doc. 17).

3. On August 23, 2022, the Court approved a non-surety appearance bond signed by the defendant and the defendant's mother and father. (R. Doc. 18).

4. On September 12, 2022, the Government made an oral motion for revocation of bond, based on allegations that, in addition to other alleged violations of his bond conditions, the defendant used an internet enabled device to move sums of money between accounts. (R. Doc. 44).

5. This matter is set for a hearing on October 19, 2022. (R. Doc. 45).

*Oral Argument is Requested*

**Argument**

I. **Mr. Champagne Does Not Pose a Flight Risk, and He is Not a Danger to Any Person or to the Community**

"Bail . . . is basic to our system of law." *Schilb v. Kuebel*, 404 U.S. 357, 365 (1971). "Doubts whether it should be granted or denied should always be resolved in favor of the defendant." *Herzog v. United States*, 75 S. Ct. 349, 351 (1955) (Douglas, J., granting application for bail). A "pretrial detainee[]" may be detained "'only because no less drastic means can reasonably ensure his presence at trial.'" *Bame v. Dillard*, 637 F.3d 380, 390 (D.C. Cir. 2011) (quoting *Bell v. Wolfish*, 441 U.S. 520, 524 (1979)).

Because the Government has initiated a proceeding for revocation of the Order Setting Conditions of Release, the Court applies 18 U.S.C. § 3148. However, even if the Court finds that a defendant has committed a crime while on release, or has violated the conditions of his release, 18 U.S.C. § 3148(b)(2)(A) directs the Court reviewing the motion for revocation to continue to apply the factors set forth in 3142(g). Under 18 U.S.C. § 3142(c), the judicial officer must impose the least restrictive condition or combination of conditions necessary to reasonably assure the defendant's appearance as required and to reasonably assure the safety of any person and the community. Detention before trial is only appropriate where "no condition or combination of conditions" will reasonably assure the appearance of the defendant and the safety of any other person and the community. 18 U.S.C. § 3142(e)(1). 18 U.S.C. § 3148(b)(2)(B) also contains a rebuttable presumption clause. However, the presumption favoring detention is rebutted when the defendant comes forward with evidence that he does not pose a danger to the community. *United States v. Mattis*, 963 F.3d 285 292 (2nd Cir. 2020) (finding that "the defendants produced evidence from which the district court could infer that they do not pose a danger to the community" where they showed 1.) strong ties to the community, 2.) lack of criminal history, and 3.) where "the bond

*Oral Argument is Requested*

condition provided "sufficient moral suasion" to ensure compliance with the conditions of release." *Id*.). The "burden on the defendant is one of production, not persuasion . . ." *Id*. Once the defendant meets the burden of production, the presumption becomes one factor to be considered amongst all of the factors. *See United States v. Mercedes*, 254 F.3d 433, 436 (2nd Cir. 2001).

Accordingly, if the Court finds that there *are* conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, the Court "shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly." 18 U.S.C. § 3148(b)(2)(B). In determining whether there are sufficient conditions of release, the factors to be considered by the Court are:

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> **(2)** the weight of the evidence against the person;
>
> **(3)** the history and characteristics of the person, including—
>
>> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

What has changed since the initial determination that detention was not appropriate is that the Probation Officer has provided information that the defendant failed to give complete information concerning his use of the internet and technology, that he allegedly transferred sums

*Oral Argument is Requested*

of money between bank accounts, and that his father's residence contained unapproved devices owned by his father, which have since been removed. There is no evidence that Mr. Champagne used anyone else's devices to conceal his activities, or that he obtained any new electronic devices without internet access. The information about the transfers of funds was discovered by the Probation office because he *did in fact comply* with the requirement that his devices with internet access be equipped with monitoring software. Additionally, at all times during his release, Mr. Champagne has:

- Continued his employment at Target, and is starting a new job at Amazon,
- Continued his education as a student at Western Governors University and has completed his daily class work,
- Surrendered his passport,
- Resided at his father's home, without traveling outside of the areas specified by the Court,
- Avoided all contact with any persons associated with this prosecution, including witnesses and co-defendants,
- Continued to participate in mental health counseling sessions,
- Continued not to possess firearms or weapons,
- Continued not to use alcohol excessively,
- Continued not to use or unlawfully possess any controlled substances,
- Reported every contact with law enforcement,
- Ensured that his devices with internet access are equipped with monitoring software, and
- Continued not to obtain new devices without approval.

*Oral Argument is Requested*

Mr. Champagne is 22 years old, and does not have a criminal history, nor any history of violent or abusive behavior. He also continues to have strong ties to the community, through his family, residence, employment, and schooling. He has resided at the same address for his entire life. It should be noted that in considering the factors of length of residence in the community and strong community ties, "the term "community" in 18 U.S.C. § 3142 "embraces both the community in which the charges are brought and also a community in the United States to which the defendant has ties."" *United States v. Garcia*, 801 F. Supp. 258, 263 (S.D. Iowa 1992) (quoting *United States v. Townsend,* 897 F.2d 989, 995 (9th Cir.1990)). It is undisputed that both Mr. Champagne and his family have made a significant demonstration that they intend to and will attend future proceedings, even where their attendance requires cross-country travel from Missouri to Connecticut. He has obeyed and will continue to obey the orders of this Court.

Even if the Government has sufficient probable cause to believe that Mr. Champagne committed a crime while on pretrial release, this should not be a sufficient justification to revoke bond and detain him, because it would not show that he poses a danger to any person or the community. Danger to any person or the community in the context of § 3148 has been found where there is evidence of firearm possession, *United States v. English*, 629 F.3d 311, 315, 322 (2d Cir. 2011); where there is a significant criminal history including a conviction for a crime similar to the offense charged, *United States v. Arau*, No. 21 Cr. 570, 2022 WL 409318, at *3 (S.D.N.Y. Feb. 9, 2022), where there is evidence of narcotics use, *United States v. Ortiz*, No. 19 Cr. 198, 2020 WL 2539124, at *1 (S.D.N.Y. May 19, 2020), and where there is evidence of witness tampering, *U.S. v. LaFontaine,* 210 F.3d 125,134 *(*discussing *United States v. Melendez–Carrion*, 790 F.2d 984, 1002 (2d Cir.1986) ("although the court was skeptical of the constitutionality of pretrial confinement for general dangerousness, it noted that detention may be validly imposed where there

*Oral Argument is Requested*

is evidence of witness tampering"). There is no allegation that Mr. Champagne has engaged in any of these forms of dangerous conduct.

### II. There Are Still Conditions of Release that Can Assure that Mr. Champagne Will Not Flee or Pose a Danger to the Safety of Any Other Person or the Community Pending Trial

Mr. Champagne is working productively at a job, continuing his education as a college student, and receiving mental health counseling while residing at his father's home in St. Louis. If the Court were to revoke his bond and order detention now, it would terminate his source of income, end his access to mental health care, remove him from the positive influence of his family, and severely complicate his ability to meet with his attorney to prepare his defense.

The Defendant's father, Lyell Champagne, Sr. is acting as his Custodian, and has taken steps to ensure his son's appearance at the upcoming bond hearing, arranging for transportation to Connecticut. Additionally, Mr. Champagne's father wishes to continue as Custodian over his son during the pendency of the prosecution. It is possible to modify the conditions of release to ensure that the defendant continues to appear, and does not violate federal, state, or local law while on release, while allowing for his supervision by Pretrial Services and the Custodian. In addition to the existing conditions of release, the Defendant and the Custodian propose that the Court impose additional conditions, including:

- Home confinement except for employment, medical and mental health treatment, attorney visits, court appointments, or other activities pre-approved by Pretrial Services.
- Termination of internet access on Mr. Champagne's cellphone.
- Termination of internet access in the entirety to the home of Mr. Lyell Champagne, Sr., which would also necessitate a pause in his college education.

*Oral Argument is Requested*

- An unrestricted search condition for Mr. Champagne's home at any time by Pretrial Services for inspection to determine compliance with any condition of release.

WHEREFORE defendant and his counsel respectfully request the Court deny the Government's motion to revoke bond, impose any additional conditions the Court finds necessary, and for such further relief as the Court may deem just and proper in the premises.

        Respectfully submitted,

        NEWTON BARTH, L.L.P

By:   */s/ Talmage E. Newton IV*
      Talmage E. Newton IV, MO56647
      *Appearing Pro Hac Vice*
      talmage@newtonbarth.com
      555 Washington Ave., Ste. 420
      St. Louis, Missouri 63101
      (314) 272-4490 - Office
      (314) 762-6710 - Facsimile

      *Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically served on all parties of record and filed with the court via the court's e-filing System on this 18th day of October, 2022.

        */s/ Talmage E. Newton IV*

*Oral Argument is Requested*